UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEVELAND EVANS,

       Petitioner,                                 CASE NO. 05-CV-74830

-vs-                                               PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE
ANDREW JACKSON,

       Respondent.
_____/

**OPINION AND ORDER**
**(1) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS;**
**AND (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Cleveland Evans ("Petitioner"), presently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, through counsel, Susan K. Walsh. In his petition, Petitioner challenges his conviction for armed robbery and felony-firearm under Michigan law. For the reasons stated below, the application for a writ of habeas corpus is DISMISSED WITH PREJUDICE.

**I.    BACKGROUND**

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. Petitioner appealed by right to the Michigan Court of Appeals, raising what now form his first, third, fourth, fifth, seventh, and eighth habeas claims. Petitioner's conviction was affirmed. *People v. Evans,* No. 226511, 2002 WL 1575244 (Mich. Ct. App. July 16, 2002) (unpublished). Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected on September 16, 2002, because it was filed more than fifty six days after the Michigan Court of

1

Appeals had affirmed his conviction. (Davis Aff., July 5, 2006 (Doc. No. 22)).

Petitioner then filed a post-conviction motion for relief from judgment in state court. Petitioner again raised the claims that he had raised in his initial appeal of right. These claims were rejected pursuant to Michigan law, because the claims had already been adversely decided against Petitioner on his appeal of right. Petitioner also raised what now form his second and sixth habeas claims. The trial court rejected these claims, because petitioner failed to show cause and prejudice, as required by Michigan law, for not raising the claims in his direct appeal. *People v. Evans,* No. 99-007724 (Wayne County Circuit Court Nov. 4, 2003). The Michigan appellate courts denied petitioner relief pursuant to Michigan law. *People v. Evans,* No. 258450 (Mich. Ct. App. Apr. 7, 2005), *lv. den.* 474 Mich. 935 (2005).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. Petitioner was denied his state and federal constitutional right to a fair trial, including his right to due process and to present a defense when the trial court denied his request to present the testimony of an expert in eyewitness identification.

II. Petitioner's state and federal constitutional rights were violated when this court denied his motion to suppress the unduly suggestive lineup identification where both victims were allowed to confer both before and after the lineup and both victims were told that they had picked the same person from the lineup.

III. Petitioner's state and federal constitutional rights were violated by the prosecutor's misconduct when the prosecutor purposefully misled the jury about the phone records and made an outright mischaracterization of the evidence which was the crux of defendant's alibi defense.

IV. The trial court denied Petitioner his state and federal constitutional right to a fair trial by refusing to grant an overnight continuance at 3 PM so an eyewitness to the crime who was called away because her daughter was sick could testify and to allow defendant to have the jury view the vehicle through which Ms. Snadon made her positive identification of defendant.

2

V. The trial court erred when it ruled that similar act evidence of the Styles robbery would be admitted against Petitioner in the Snadon case and this improper ruling led to a consolidation of the two cases which tainted the entire trial.

VI. The trial court erred when it refused to grant Petitioner's motion for a mistrial or at the very least give a curative instruction after the prosecutor committed blatant misconduct by asking the jury to bring comfort to the victims with a guilty verdict.

VII. The trial court abused its discretion and denied Petitioner his constitutional rights to call witnesses by refusing to allow testimony from Petitioner's character witness.

VIII. The cumulative effect of the errors set forth in this brief denied the petitioner his state and federal constitutional right to a fair trial.

IX. Petitioner is entitled to resentencing because the sentencing guidelines range was enhanced by the scoring of offense variables 7 and 9 on the basis of facts not proven to a jury beyond a reasonable doubt, in violation of Sixth and Fourteenth amendments.

Respondent has filed an answer in opposition to the petition for writ of habeas corpus, which is construed as a motion to dismiss on the basis that the claims are barred by procedural default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999).

## II. ANALYSIS

Respondent contends that petitioner's nine claims are procedurally defaulted for various reasons.

Respondent first contends that Petitioner's first, third, fourth, fifth, seventh, and eighth claims are procedurally defaulted because petitioner failed to properly exhaust the claims by filing a timely application for review of his conviction with the Michigan Supreme Court.

A habeas petitioner procedurally defaults a claim if he fails to raise it in an application for discretionary review with the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848

3

(1999). A claim raised in the state court of appeals, but not in the state supreme court, cannot be considered in federal habeas review. *See Harris v. Stegall,* 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001).

Under Mich. Ct. R. 7.302(C)(3), Petitioner had fifty-six (56) days to file a delayed application for leave to appeal with the Michigan Supreme Court. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Petitioner's conviction was affirmed by the Michigan Court of Appeals on July 16, 2002. Petitioner had fifty-six days from this date, or until September 10, 2002, to timely file an application for leave to appeal with the Michigan Supreme Court. The Michigan Supreme Court rejected Petitioner's delayed application for leave to appeal because Petitioner's application was received by that court on September 16, 2002, beyond the fifty-six day time period. Therefore, Petitioner has procedurally defaulted his first, third, fourth, fifth, seventh, and eighth claims. *Bell v. Smith*, 114 F. Supp. 2d 633, 637 (E.D. Mich. 2000).

Respondent contends that petitioner's second and sixth claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion, and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by Michigan law.

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

In the present case, the Wayne County Circuit Court denied Petitioner's motion, finding that he had failed to establish good cause, as required by Mich. Ct. R. 6.508(D)(3)(a), for failing

4

to raise his second and sixth claims in his appeal of right. The Michigan appellate courts denied petitioner leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." Under the circumstances, the Michigan courts clearly invoked the provisions of Rule 6.508(D)(3) to procedurally bar petitioner's claims. *See, e.g., Howard v. Bouchard,* 405 F.3d 459, 477 (6th Cir. 2005).

The Court also concludes that petitioner's ninth claim is procedurally defaulted because petitioner never presented this claim to the Michigan courts, either in his direct appeal or in his post-conviction proceedings.

In the present case, petitioner has already filed a post-conviction motion with the state courts. A criminal defendant in Michigan can file only one motion for relief from judgment with regard to a criminal conviction. Mich. Ct. R. 6.502(G)(1); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999).

Petitioner therefore has no remaining state court remedies with which to exhaust his ninth claim. If a prisoner fails to present his claims to the state courts, and he is now barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust. However, the prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995). A claim of actual innocence will excuse this "cause and prejudice" requirement. *Id.* at 1196 n. 3.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless a petitioner can demonstrate "cause" for the default and

5

actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Petitioner contends that any procedural default of his first, third, fourth, fifth, seventh, and eighth claims should be excused because his appellate counsel failed to timely inform him of the Michigan Court of Appeals' decision, thereby precluding him from filing a timely application for leave to appeal with the Michigan Supreme Court. Petitioner also suggests that his appellate counsel advised him to bypass the Michigan Supreme Court and proceed directly to file a federal habeas petition.

A defendant's right to the effective assistance of counsel on an appeal as of right from a state conviction encompasses the right to a timely notice of the decision on that appeal. *See Smith v. State of Ohio Dep't of Rehab.,* 463 F.3d 426, 433 (6th Cir. 2006). Thus, an appellate counsel's failure to provide a defendant with timely notice of the decision of an intermediate court of appeals can constitute deficient performance, as an element of an ineffective assistance of appellate counsel claim. *Id.* at 434-35. When, as here, a defendant alleges that his appellate

6

counsel's ineffective assistance led "to the forfeiture of a proceeding itself" by denying him the opportunity to appeal to a higher court, prejudice is presumed. *Id.* at 435. "[F]or this presumption to apply, however, the defendant must demonstrate that counsel's deficient performance 'actually cause[d] the forfeiture of the defendant's appeal.'" *Id.* (quoting *Roe v. Flores-Ortega,* 528 U.S. 470, 484 (2000)).

Petitioner claims that he did not receive a copy of the Michigan Court of Appeals' decision until August 26, 2002, which would have left him with only fifteen (15) days to prepare and submit an application for leave to appeal with the Michigan Supreme Court. Petitioner, however, has failed to offer this Court affirmative proof that he only received a copy of the opinion from counsel on that date.

A showing of cause by a habeas petitioner requires more than "the mere proffer of an excuse." *See Lundgren v. Mitchell,* 440 F.3d 754, 763 (6th Cir. 2006). Therefore, a habeas petitioner cannot rely on conclusory assertions of cause and prejudice to overcome procedural default. Instead, he or she must present affirmative evidence or argument as to the precise cause and the prejudice produced. *Id.* at 764. The only objective proof that petitioner has submitted to this Court is a letter from one of his two appellate attorneys, Tyra T. Brown. Ms. Brown initially sent a copy of the Michigan Court of Appeals decision to the wrong prison facility but re-sent the opinion to petitioner on August 9, 2002, once she became aware that Petitioner had been moved to a new prison facility.[1] If Petitioner received the letter a few days later, he would have had almost a month to prepare and send an application for leave to appeal to the Michigan

---

[1] *See* Letter from Tyra T. Brown to petitioner, dated August 9, 2002, part of Petitioner's Appendix H.

Supreme Court by the September 10, 2002 due date. Since Petitioner would have had almost an entire month to submit an application for leave to appeal to the Michigan Supreme Court, or to seek an extension to apply for leave from the Michigan Supreme Court, any delay in his receiving notification of the Michigan Court of Appeals' decision under the proof that he has presented would be insufficient cause to excuse his procedural default. *See Slappey v. Withrow,* 985 F.2d 561, 1993 WL 2550 (6th Cir. Feb. 1, 1993) (table opinion) (holding that delayed receipt of Michigan Court of Appeals' decision did not excuse petitioner's procedural default, where the petitioner had almost an entire month remaining to file application for leave to appeal with the Michigan Supreme Court). The only other evidence that Petitioner has submitted in support of his allegation is his complaint that he filed against Ms. Brown with the Attorney Grievance Commission. This evidence, however, is inadequate to prove Brown's ineffectiveness to establish cause, because it is self-serving. *See Johns v. Gilmore,* 75 F. Supp. 2d 841, 845 (N.D. Ill. 1999).

Even if Petitioner's allegation that he did not receive Ms. Brown's letter until August 26, 2002 is true, Petitioner still had fifteen days remaining to file his application for leave to appeal. Petitioner offers no explanation why he could not have simply re-captioned his Michigan Court of Appeals brief and filed it along with a copy of the Michgan Court of Appeals decision within that time period. Since petitioner had over two weeks to timely file an application for leave to appeal with the Michigan Supreme Court, any delay in Petitioner receiving notification of the Michigan Court of Appeals' decision would not constitute cause to excuse his default. *See Robertson v. Abramjtys,* 144 F. Supp. 2d 829, 838 (E.D. Mich. 2001) (holding that a petitioner's lack of access to prison library during periods of computer system malfunctions and

8

"lock-down" of prison facility did not excuse procedural default arising from the untimely filing of an application of leave to appeal with the Michigan Supreme Court; petitioner did not do any new legal analysis for his filing, but only incorporated by reference claims contained in his brief on appeal); *Marciel v. Carter,* 22 F. Supp. 2d 843, 857 (N.D. Ill. 1998) (finding that a petitioner failed to show cause for procedural default arising from failure to timely appeal denial of state post-conviction petition, where petitioner needed only to reallege the allegations in his post-conviction petition, basically in "form" fashion, and send it to the state appellate court).

Petitioner's related claim that appellate counsel advised him not to appeal with the Michigan Supreme Court can be more easily disposed of. In her answer to the Michigan Attorney Grievance Commission, Petitioner's other appellate attorney, Joyce Reasonover-Dalton, indicates that she "[in]formed [petitioner] that [she] did not believe he would prevail in the State Supreme Court. [She] believed that his best chance was on a Writ of Habeas Corpus due to the issue of the expert witness and the dissent opinion on his decision."[2] Contrary to Petitioner's assertion, appellate counsel did not advise petitioner to forego filing an appeal with the Michigan Supreme Court, but merely informed him that she did not think that he had a good chance of obtaining relief in the Michigan Supreme Court. In addition, Petitioner's other appellate lawyer, Tyra T. Brown, indicated in her response to the Michigan Grievance Commission that she had specifically advised Petitioner that "it was more important to get something filed with the Michigan Supreme Court than to try and get his mother to arrange

---

[2] *See* Letter from Joyce Reasoner-Dalton to the Michigan Attorney Grievance Commission, dated January 22, 2003 (Petitioner's Appendix H).

funding to send him the transcripts."[3] Moreover, in light of the fact that Petitioner attempted to file an application for leave to appeal with the Michigan Supreme Court, he cannot show that appellate counsel's letter somehow misled him into believing that he should bypass the Michigan Supreme Court.

Since Petitioner is unable to show prejudice from his counsel's failure to timely inform him of the Michigan Court of Appeals decision, Petitioner cannot rely on appellate counsel's ineffectiveness to establish cause to excuse his failure to file a timely application for leave to appeal to the Michigan Supreme Court. *Shorter,* 463 F.3d at 436. Petitioner has therefore failed to establish cause to excuse the procedural default of his first, third, fourth, fifth, seventh, or eighth claims.

With respect to his second and sixth claims, petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 754 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments – those that, in the words of the great advocate John W. Davis, 'go for the jugular,' –

---

[3] *See* Letter from Tyra T. Brown to the Michigan Attorney Grievance Commission, dated January 28, 2003 (Petitioner's Appendix H).

in a verbal mound made up of strong and weak contentions." *Id.* at 753 (citations omitted).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that by omitting his second and sixth claims that appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel filed a fifty-page appellate brief which raised seven claims on direct appeal. Petitioner has not shown that appellate counsel's strategy in presenting such claims and not raising other claims was deficient or unreasonable. Moreover, because the defaulted claims are not "dead bang winners," Petitioner has failed to establish cause for his procedural default of failing to raise all of his claims on direct review. *See United States v. Stanfiel,* 4 Fed. Appx. 691, 693 (10th Cir. Feb. 20, 2001) (unpublished); *Meade,* 265 F. Supp. 2d at 872.

Finally, Petitioner has offered no excuse for his failure to raise his ninth claim on either his initial appeal or in his motion for relief from judgment.

Since Petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue for his claims. *Smith*, 477 U.S. at 533.

Additionally, petitioner has not presented any new reliable evidence to support any

11

assertion of innocence which would allow this Court to consider his claims as a ground for a writ of habeas corpus in spite of the procedural default. Petitioner has attached a copy of polygraph examination taken on August 30, 1999, which he claims supports a finding that he is actually innocent.[4]

In general, the use of polygraph results to prove a party's innocence is prohibited. *See Barnier v. Szentmiklosi,* 810 F.2d 594, 596 (6th Cir. 1987). Since polygraph results are not considered admissible or reliable evidence, they cannot be used to establish Petitioner's actual innocence so as to excuse his default. *See Bolton v. Berghuis,* 164 Fed. Appx. 543, 549-50 (6th Jan. 13, 2006) (unpublished) (holding that polygraph results could not be used to establish a habeas petitioner's actual innocence so as to equitably toll limitations period for filing a habeas petition, because polygraph results are not admissible or reliable evidence); *see also Cress v. Palmer,* 484 F.3d 844, 854-55 (6th Cir. 2007) (rejecting as non-cognizable habeas petitioner's freestanding actual innocence claim which was based in part on a "qualified" polygraph report). Since Petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review Petitioner's claims on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002).

The Court therefore denies the petition for writ of habeas corpus.

The Court also declines to issue a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate

---

[4] *See* Petitioner's Appendix G.

of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present, and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

In the present case, because a plain procedural bar is present, no further appeal would be warranted. *Harris,* 157 F. Supp. 2d at 751. Accordingly, the Court will deny petitioner a certificate of appealability on his nine claims.

## III. CONCLUSION

Accordingly, the Court hereby:

(1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus; and

(2) **DECLINES TO ISSUE** a certificate of appealability.


**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 20, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 20, 2007.

s/Denise Goodine
Case Manager